[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13483
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-14085-CV-JEM

SIEGFRIED CHRISTMAN,

Plaintiff-Appellant,

versus

JACKSON HEWITT, INC.,
WILLIAM & JOHNSON, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 21, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Siegfried Christman ("Christman"), proceeding *pro se*, appeals the district court's dismissal of his diversity action for lack of subject matter jurisdiction. Christman filed a complaint against two defendants, Jackson Hewitt, Inc. ("Jackson Hewitt"), and William & Johnson, Inc. ("W&J"), raising three claims under Florida law: malicious prosecution, defamation, and breach of contract. The district court found that diversity jurisdiction did not exist because Christman and W&J are both "citizens" of Florida and that federal question jurisdiction did not exist because Christman's complaint did not allege a federal cause of action.

On appeal, Christman argues that the district court improperly dismissed his complaint for lack of subject matter jurisdiction. First, Christman argues that diversity jurisdiction existed because W&J, acting as an agent for Jackson Hewitt, should have been imputed with the jurisdiction of its principal for diversity purposes. Next, Christman argues that federal question jurisdiction existed because his complaint alleged facts sufficient to show that his claims fall under the Clayton Act.

We review a district court's decision to grant of a motion to dismiss *de novo*, accepting all allegations in the complaint as true and construing facts in a light most favorable to the plaintiff. *Sinaltrainal v. Coca-Cola, Co.*, 578 F.3d 1252,

2

1260 (11th Cir. 2009).

Pursuant to 28 U.S.C. § 1332, a district court has jurisdiction over all civil actions where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 2617, 162 L. Ed. 2d 502 (2005). Section 1332 requires complete diversity; therefore, each defendant must be a citizen of a different state than each plaintiff. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). A corporation has dual bases for citizenship for diversity purposes: its state of incorporation, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1) (2006); *see also Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985). "[T]he requirement that a corporation shall be deemed a citizen of any state by which it has been incorporated refers to the state in which the appropriate regulatory agency has issued a certificate of incorporation or other legal document signifying that the corporation has been properly established pursuant to that state's law, and . . . no further inquiry is appropriate." *Am. Home Shield*, 751 F.2d at 1154 (internal quotation marks omitted).

Complete diversity does not exist in this case. Accepting the allegations of Christman's complaint as true, Christman is a citizen of Florida, Jackson Hewitt is

3

a Delaware corporation with its principal place of business in New Jersey, and W&J is a Florida corporation with its principal place of business in Florida. Our decision in *American Home Shield* forecloses Christman's argument that W&J, as a franchisee and contractual agent of Jackson Hewitt, should be considered a citizen of Delaware. Section 1332 plainly requires that a corporation is deemed a citizen of the state in which it is incorporated. Because Christman and W&J are both citizens of Florida, the district court correctly found that diversity was lacking between the parties.

Pursuant to 28 U.S.C. § 1331, a district court has jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (internal quotation marks omitted). A claim arises under federal law for purposes of § 1331 when the plaintiff's well pleaded complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law. *Id*. (internal quotation marks omitted).

Christman's complaint does not present any claim that arises under federal law. Rather, Christman alleges only tort and contract claims under state law, and there is no indication that his right to relief for those claims necessarily depends on

4

the resolution of a substantial question of federal law.[1]  Thus, the district court did not err in concluding that jurisdiction did not exist under 28 U.S.C. § 1331.

Upon review of the record, and consideration of the parties' briefs, we find that the district court properly dismissed the action for lack of subject matter jurisdiction.[2]

**AFFIRMED.**[3]

---

[1] Christman's contention that his complaint raises a federal claim under the Clayton Act is without merit.  The complaint does not mention the Clayton Act at all.  In his brief to this Court, Christman advances the unsupported contention that the allegations in two paragraphs of the complaint, ¶¶ 30 and 31, establish a claim under the Clayton Act.  We disagree.  Christman's argument is conclusory and does not indicate how these allegations describe a violation of the Clayton Act.

[2] Appellant's motion for sanctions against appellees for failure to properly correct deficiencies in the answer brief is denied.
Appellee's motion for an award of costs against appellant for filing a frivolous motion is denied.

[3] Appellant's request for oral argument is denied.